IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
2007 JAN 12  P 4: 43
DISTRICT OF UTAH
BY:
DEPUTY CLERK

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MANUEL MUNOZ AVELAR,<br><br>Defendant. | )<br>)  Civil No. 1:93-CR-63<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>) |

\* \* \* \* \* \* \* \* \*

Defendant MANUEL MUNOZ AVELAR has filed two motions in the above-captioned proceeding: (1) Motion to Set Aside or Vacate Bail Forfeiture Judgment, filed January 16, 1998 (dkt. no. 127); and (2) Motion for Downward Departure, Conditional Release, Justified for Medical Reasons and Rehabilitation, filed March 4, 2004 (dkt. no. 130). It appears that both motions yet remain pending on the court's docket.

The order forfeiting bail in this matter was entered on or about October 13, 1993 (dkt. no. 30), following Avelar's failure to appear at a preliminary hearing on September 7, 1993. Avelar remained at large until his arrest on or about October 24, 1994.

Rule 46(f)(2) of the Federal Rules of Criminal Procedure provides that the court may "set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . it appears that justice does not require bail forfeiture." Avelar did not seek relief under Fed. R. Crim. P. 46(f)(2) at any time during the pendency of his criminal proceeding.

It has long been held in this Circuit that "the time for appeal from an order relating to the forfeiture of a criminal bail bond is governed by the rules for appeals from a civil case." *United States v. Brouillet*, 736 F.2d 1414, 1415 (10th Cir. 1984). Avelar did not appeal from the order forfeiting bail within the prescribed period. Nor does it appear that he raised the bail forfeiture as an error in his subsequent criminal appeal from his conviction and sentence, both of which were affirmed by the court of appeals. *See United States v. Avelar*, 80 F.3d 430 (10th Cir. 1996).

Absent a showing of some extraordinary circumstance explaining his failure to appear as required, or his failure to seek relief under Rule 46(f) in a timely fashion, this court declined to set aside the October 13, 1993 Order forfeiting bail, and for clarity of the record, Avelar's Motion to Set Aside or Vacate Bail Forfeiture Judgment (dkt. no. 127) shall be denied.[1]

Upon receipt of Avelar's Motion for Downward Departure, Conditional Release, Justified for Medical Reasons and Rehabilitation, filed March 4, 2004 (dkt. no. 130), the court referred the matter to the United States Probation Office, who advised Avelar of the availability of the Bureau of Prisons' Compassionate Release Procedures by correspondence dated March 18, 2004.

Under the circumstances of this case, the Government asserts that the only procedural mechanism for reducing Avelar's sentence for the reasons asserted in his motion is by motion made by the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A). This appears to be correct, and to date, no such motion has been filed in this case. Standing alone, Avelar's Motion for Downward Departure, Conditional Release, Justified for Medical Reasons and Rehabilitation must be denied for lack of jurisdiction.

Therefore,

**IT IS ORDERED** that Avelar's Motion to Set Aside or Vacate Bail Forfeiture Judgment (dkt. no. 127), is DENIED; and Avelar's Motion for Downward Departure, Conditional Release, Justified for Medical Reasons and Rehabilitation (dkt. no. 130) is DENIED for lack of subject-matter jurisdiction.

DATED this 12 day of January, 2007.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge

---

[1] Avelar's motion complains of a bail forfeiture deficiency *judgment* in favor of the Government in the amount of $9,000, but no such judgment appears on the docket in the above-captioned criminal proceeding or any other proceeding commenced in this District.